## BROWN v. BROWN.

An action of trespass *quare clausum fregit*, having been brought by these plaintiffs against the defendant, the parties subsequently agreed upon a dividing line between them, settled all their disputes, and executed mutual releases of all demands; *held*, that a parol promise by the defendant to pay the costs of the action of trespass, in consideration of the settlement and releases, would be binding, notwithstanding the release.

THIS was assumpsit to recover the costs of a suit for alleged trespass upon the land in dispute, brought by the plaintiffs in right of the wife Eliza, against said Jeremiah.

The declaration contained the usual money count; an account annexed to the writ. The evidence tended to prove that after the original action of trespass had been commenced, the defendant went

to the plaintiffs and proposed to settle the case, and finally agreed upon the dividing line between their lands, and that the plaintiffs' agent, George W. Brown, was to go to the plaintiffs' attorney, Mr. Hatch, and procure mutual releases to be signed by the parties. Before any agreement was made as to the settlement, the plaintiffs' agent informed the defendant they would not settle on any account, unless he would pay the costs. The defendant answered, "I will see to that." Said Eliza testified that the defendant then said he would settle the costs. The plaintiff's daughter, Margaretta, testified to the same declaration. Whereupon, the plaintiffs' agent went to Hatch and procured the indenture, which was copied by him; also, the bill of costs which had accrued in the case, then embracing the attorney's bill, and the sheriff's fee for service of the writ. The parties soon met and executed both parts of the indenture. The indenture, after defining the line between the lands of the parties, contained the following words:

"And the parties mutually release to each other all actions, claims and demands for any and all trespasses committed by either party upon the aforesaid close of the other up to this date."

On the 30th of March, 1859, the releases were executed. Eliza A. Brown, George W. Brown, and Margaretta Brown, were then present, who testified that after they were executed, and in presence of the parties, the plaintiff's son George said, it is the understanding that the defendant is to pay the costs. The defendant said audibly, "Yes."

On the other hand, the said defendant testified, that he had never agreed to pay the costs. And there was the evidence of John J. Leavitt, George A. Blake, and James G. Godfrey, witnesses, called by the defendant, who said they were present at the time of the execution of the papers, and heard no request or agreement to pay costs.

The defendant moved for a nonsuit, upon the ground that the indenture and release aforesaid being in writing and under seal, no evidence competent to be submitted to the jury had been offered to support the plaintiffs' action; which motion the court .overruled, and the defendant excepted. The plaintiffs having first paid the attorney and sheriff the bill of costs, made a special demand on the defendant for the same, before suit brought. The jury having found their verdict in favor of the plaintiffs, the defendant moved the same be set aside, and for a new trial.

*Hackett,* for the defendant.

There having been a suit between the parties, in March, 1859, it was adjusted, and mutual releases under seal were passed. Some time afterward the plaintiffs called upon the defendant to pay the costs of the settled suit, upon the alleged ground that he agreed to pay the cost at the time of the settlement. The defendant denied that he ever made any such agreement, and refused to pay the costs. This suit was brought to recover the costs which the plaintiffs alleged and attempted to prove was a part of the consideration of the releases.

1. The defendant's first position is, that the parties having put their contract in writing, with regard to said suit, it is not now competent for the plaintiffs to show, by parol evidence, a modification of or addition to said contract.    1 Greenl. Ev., sec. 275.

2. The presumption is, that when a general release is given after the commencement of an action, unless the contrary appears, that the costs have been adjusted between the parties.    *Kimball* v. *Wilson,* 3 N. H. 102.

We do not contend that this presumption is conclusive; but we do contend that it is conclusive, unless contradicted by competent proof.    This release is in writing and under seal, and unless contradicted by competent evidence, is as good a release of the costs as of the cause of action.    It is one thing to have a presumption open to contradiction, and quite another thing to contradict it by competent evidence.    Can an incident of a release be contradicted by evidence of a lower grade than would control the release itself? No case could better illustrate the wisdom of the rule, that " parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," or the necessity of rigidly adhering to it.    In this case the defendant put his contract in writing under seal, to the execution of which two disinterested witnesses were called, and a magistrate to take the acknowledgment, all of whom heard it read to the parties—heard their assent to it, and participated in its execution.    Then these witnesses and the defendant testified, that at the settlement nothing was agreed to or said about costs.    They were contradicted by Mrs. Brown, her son, and daughter; and the court turned this balance of evidence, thus in favor of the defendant, against him, by instructing the jury, that the defendant's proof, coming from men called for that express purpose of witnessing the contract, was in the nature of negative testimony.    The defendant, with these disinterested witnesses, has twice sworn in court that he never made any such contract as the jury, under the instruction of the court, have found he made.    Neither the rule of law, upon which he relied, nor the balance of proof in his favor, which he produced, under the direction of the court, were allowed to protect him.

*A. R. Hatch,* for the plaintiff.

1. The verdict establishes the fact that the defendant made the promises averred in the declaration.    It is unnecessary to re-argue facts, which have been twice found, once by an intelligent magistrate, and once by a jury.

2. The release does not purport to discharge the claim now set up by the plaintiffs.    The promise to pay the costs of the former suit was an original undertaking which the release in no wise affects. The evidence by which the plaintiffs support this action neither contradicts nor explains the release, and is not inconsistent with it. *Robinson* v. *Batchelder,* 4 N. H. 40;    *Cummings* v. *Putnam,* 19 N. H. 569;  *Hersom* v. *Henderson,* 21 N. H. 224.

3. The presumption, upon a general release of an action, that the costs have been adjusted, is not equivalent to an express release

of the costs in the deed. And this presumption is liable to be rebutted by any evidence. *Kimball* v. *Wilson*, 3 N. H. 102; *Morse* v. *Shattuck*, 4 N. H. 229; *Pritchard* v. *Brown*, 4 N. H. 397–399; *Shephard* v. *Little*, 14 Johns. 210; *Graves* v. *Graves*, 29 N. H. 144.

BELLOWS, J. The only question is, whether, upon the evidence, it was legally competent for the jury to find for the plaintiff; and we think that the jury might have found that the defendant promised to pay the costs in consideration of the settlement; or in other words, the execution of the releases. It is true that it would not be competent to show, by parol evidence, against the plaintiffs' deed, that the existing claim was excepted; and in that respect it differs from a mere receipt not under seal.

But this contract had no existence until the contract of settlement was executed by the delivery of the releases, which formed the consideration of it. It is true that an action of trespass was pending before, in which the plaintiff might have prevailed, and might have recovered these costs as an incident; but nothing then existed in the shape of an obligation to pay, for the plaintiff might not have recovered in his action. At all events, this contract had no existence until the settlement which constituted the consideration, was perfected; and then it stood as if the defendant had promised for that consideration to pay a sum certain; in which case the release would not affect it because not then existing. The giving a promissory note at the completion of a settlement and execution of releases or receipts, is a familiar illustration. In that case the release, though general in its terms, would not affect the note, not because it was in writing, but because it was not then an existing claim. So we think it is in this case, and there must be

*Judgment on the verdict.*